Shaunak Sayta (SBN: 291129)
Lindsey Marie Rames
Rames Law Firm PC
5661 Mariner Drive
Dallas, TX 75237
214/884-8860
888/482-8894 (fax)
shaunak@sayta.com
lindsey@rameslawfirm.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| HOSTINGXTREME VENTURES, LLC, a limited liability company incorporated by and under the laws of Delaware, and DOES 1 through 10 inclusive.<br><br>　　Plaintiff,<br><br>　　vs.<br><br>BESPOKE GROUP, LLC, a limited liability company incorporated by and under the laws of Texas, Divyesh Patel, an individual, and Hina Patel, an individual, and DOES 1 through 10 inclusive.<br><br>　　Defendants. | Case No.:  3:14-cv-01471-M<br><br>**SECOND AMENDED COMPLAINT**<br><br>1) **BREACH OF CONTRACT**<br>2) **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3) **PROMISSORY ESTOPPEL**<br>4) **FRAUD**<br>5) **INTERFERENCE WITH CONTRACTUAL OBLIGATIONS**<br>6) **NEGLIGENT MISREPRESENTATION**<br><br>**DEMAND FOR A JURY TRIAL** |

# INTRODUCTION

1. The Plaintiff, is the Assignee in interest and is suing for the damages due to Prosper Trade ( Prosper") a sole proprietary firm located in Mumbai, India owned and operated by Mr. Niranjan Lal Bansal. Divyesh Patel, acting through Bespoke Group LLC, fraudulently induced Prosper to enter into a contract to purchase 180 metric tons of USA Origin Dry Green Peas. The Assignee in interest, HostingXtreme Ventures, LLC herein files a complaint for the recovery of damages for breach of contract, and for the torts committed by all the Defendants. All the Defendants are jointly and severally liable, based on a the doctrine of lifting of the corporate veil, being the alter ego of Bespoke Group LLC.

# PERSONAL JURISDICTION

2. This court has personal jurisdiction over the defendants. Bespoke Group LLC, Divyesh Patel and Hina Patel are domiciled in the State of Texas and conduct business in Irving, Texas. The Defendants have purposefully availed of the laws and protections of the State of Texas, accordingly the exercise of jurisdiction over the defendants would not be contrary to the traditional notions of fair play and substantial justice.

# SUBJECT MATTER JURISDICTION

3. In addition to personal jurisdiction, this court also has subject matter jurisdiction over this case and controversy. 28 USC §1332 bestows upon the district courts of the United States original jurisdiction in all civil actions where the amount in controversy exceeds the sum or value of $75,000 and

where the parties are citizens of different states. *Id*. The Plaintiff has it's principal place of business in India and is incorporated in the State of Delaware. All of the Defendants are domiciled in Texas and are citizens of Texas, and accordingly, complete diversity is present. Each Defendant is of a citizenship than each Plaintiff. The amount in controversy will exceed $75,000. Accordingly, given that both the citizenship and amount in controversy requirement have been satisfied, this court has subject matter jurisdiction over this case and controversy.

## VENUE

4. Venue is appropriate in any judicial district in which a defendant resides if all the defendants reside in the same State. 28 U.S.C. §1391(b)(1). Here, all the defendants reside at 1137 Michener Way, Ste 123, Irving TX, 75063 - which is within the geographic jurisdiction of this court. Venue is accordingly appropriate in this court.

## PARTIES

5. Plaintiff, HOSTINGXTREME VENTURES, LLC is a limited liability company incorporated in Delaware and the assignee in interest to Prosper Trade, it has it's principal place of business at 309-B5, Shramjivan Building, 3rd Floor, Mukundrao Ambedkar Road, Wadala (E), Mumbai 400037, India. The assignment agreement and cover letter are attached hereto as '**Exhibit B**', and '**Exhibit C**' respectively.

6. Defendant, BESPOKE GROUP, LLC is a limited liability company incorporated in Texas having its principal place of business at 1137 Michener Way, Ste 123, Irving TX, 75063.

7. Defendant Divyesh Patel, is the owner and manager and agent for accepting service for the Defendant BESPOKE GROUP, LLC and has his principal place of business at 1137 Michener Way, Ste 123, Irving TX, 75063.

8. Defendant Hina Patel, is a member of the Defendant BESPOKE GROUP, LLC and has her principal place of business at 1137 Michener Way, Ste 123, Irving TX, 75063.

## GENERAL ALLEGATIONS

9. On the 7th October, 2013 Hitesh Sayta, was visiting Cologne, in Germany for the Anuga trade fair.

10. Hitesh Sayta met, Mr. Divyesh Patel at the Anuga trade fair.

11. Divyesh Patel represented that he was the owner of a company named Bespoke Group LLC.

12. Divyesh Patel represented that he and consequently Bepoke Group, LLC had inventory of US Origin Dry Green Peas.

13. Divyesh Patel represented that he and consequently Bepoke Group, LLC would be interested in selling Dry Green Peas.

14. At the time Divesh Patel made such representation, Hitesh Sayta held a mandate on behalf of various buyers of grains in India, in particular the Assignor, Prosper trade.

15. On October 8, 2013 Hitesh Sayta represented to Divyesh Patel that one of the buyers he represented (without expressly naming Prosper Trade), had a requirement for 180 Metric Tons of US origin dry green peas ("the Goods").

16. On October 8, 2013 Hitesh Sayta affirmed with Divyesh Patel that Divyesh Patel had adequate inventory of the Goods which he could ship subsequent to entering into the purported contract.

17. Hitesh Sayta clarified to Divyesh Patel that the buyer was not interested in entering into the contract if Divesh Patel planned to acquire the Goods after entering into the contract.

18. Hitesh Sayta clarified to Divyesh Patel, that if he did not have inventory, it would present a greater risk of default for the buyer, and the buyer was not prepared to undertake such a risk.

19. On October 8, 2013 in the United States section of the Anuga fair in Cologne Germany, Divesh Patel affirmed his earlier representation that he had adequate inventory of the Goods, and was ready and willing to ship the Goods on entering into the contract.

20. Hitesh Sayta proposed a price of $552 per metric ton for the Goods, and Divyesh Patel agreed to the price. It was further agreed that a formal written contract would be drawn up by the office of Divyesh Patel and sent out via email to Hitesh Sayta.

21. A written contract was then made out and executed.

22. The contract is attached as '**Exhibit A**', and it's terms are incorporated by reference.

23. After entering into the Contract, Divyesh Patel sent emails to shricommodities@gmail.com, citing reasons why he was unable to ship the goods. Among others, Divyesh Patel stated that the weather was a reason, and the unavailability of transportation was another reason.

24. However, the reasons cited by Divyesh Patel for not shipping the Goods were materially false, statements.

25. On February 19, 2014, Divyesh Patel met with Hitesh Sayta in Goa, in India. Divyesh Patel stated that he had attempted to procure the Goods.

26. The representation by Divyesh Patel that he attempted to procure the Goods, was contrary to his prior statement that he possessed the Goods.

27. On February 19, 2014 Divyesh Patel stated that in light of the price advancing to approximately $725 the Contract was not favorable to him.

28. On February 19, 2014 Divyesh Patel told Hitesh Sayta that he would not ship the Goods, in violation of the Contract.

29. Hitesh Sayta suggested a "washout agreement"--an agreement to replace the Contract with a new one by incorporating money damages as an advantage to the buyer on account of the default by Divyesh Patel, but the terms of such a new agreement replacing the then existing contract, were never agreed to.

## LIFTING THE CORPORATE VEIL OF BESPOKE GROUP, LLC

30. Divyesh Patel, on December 22, 2008, organized BESPOKE GROUP LLC, under the laws of the State of Texas, to export and import of all types of pulses (Legumes) and various food products.

31. Divyesh Patel organized BESPOKE GROUP, LLC, to export and import all types of pulses (Legumes) and various food products.

32. BESPOKE GROUP, LLC does not have any other members besides husband and wife, Divyesh Patel and Hina Patel.

33. Divyesh Patel is the owner, managing member, and registered agent for BESPOKE GROUP, LLC. Hina Patel is the only other member of BEPSOKE GROUP, LLC. Both addresses provided.

34. The registered address for BESPOKE GROUP, LLC is a residential property and the home address of Divyesh Patel and Hina Patel since 2008 according to the Dallas County Appraisal District.

35. However, Divyesh Patel and Hina Patel list the business address as 1137 Michener Way, Suite 123. 1137 Michener Way is a residential address with no separate suites. Divyesh Patel and Hina Patel have submitted false corporate

records to appear as though the address is a business address with multiple offices instead of their own residential home.

36. BESPOKE GROUP, LLC does not maintain a separate business address, separate registered agent, distinct ownership or management.

37. Divyesh Patel has used BESPOKE GROUP, LLC to perpetuate a fraudulent business scheme.

38. Divyesh Patel used BESPOKE GROUP LLC to lure buyers, by making false representations, to believe that the business had products in its inventory available to sell when it did not.

39. Divyesh Patel, has been, conducting, managing, and controlling the affairs of BESPOKE GROUP LLC since its incorporation.

40. Divyesh Patel has been conducting the affairs of Bespoke Group, LLC, as though it were Divyesh Patel's own business. Specifically, Divyesh Patel is the only person to make representations and affirmations on the part of BESPOKE GROUP LLC which Divyesh Patel knows are false.

41. Divyesh Patel has used BESPOKE GROUP LLC for the purpose of defrauding Prosper and others similarly situated, as set forth below.

42. Throughout negotiations of the Contract underlying this lawsuit, Divyesh Patel would refer to himself as having personal responsibility for business matters, saying that he personally would ship the Goods and would personally oversee the terms of the Contract for the Goods.

43. Hina Patel is the wife of Divyesh Patel, and the only other member of BESPOKE GROUP LLC.

44. Divyesh Patel conduced the affairs of Bespoke Group, LLC as the alter ego of Bespoke Group, LLC.

45. Accordingly, it is submitted that Hina Patel and Divyesh Patel are the alter ego of BESPOKE GROUP LLC.

# FIRST CAUSE OF ACTION
## (Breach of Written Contract)

46. The Plaintiff herein alleges by reference the allegations as set out from paragraph 9 to 45.
47. There was a contract as exhibited herein as **Exhibit A**, in existence between Bespoke Group LLC, and Prosper.
48. The terms of the contract as exhibited as **Exhibit A** are herein incorporated by reference.
49. On October 11, 2013, Sandra Jonsson, of Bespoke Group, LLC sent an email to shricommodities@gmail.com, with copies of the email being marked to india@globalagco.com and to Divyesh Patel. The email stated among other things "*Please find attached contract for your review and signature from buyer and importer.*"
50. On or about October 14, 2013 Divyesh Patel received an email from shricommodities@gmail.com, that stated among other things "*The buyer is Ask Re td , Hong Kong.*"
51. On October 17, 2013 Sandra Jonsson of Bespoke Group, LLC sent an email to shricommodities@gmail.com stating among other things "*Revised contract attached for review and signature*"
52. On or about October 17, 2013 Divyesh Patel received an email from shricommodities@gmail.com stating among other things "*Please find enclosed herewith sales contract duly signed by the buyer. We request you to sign, stamp and resend the same to us for our records.*"
53. Bespoke Group LLC did not ship the Goods to Prosper Trade, as it agreed to ship under the terms of the Contract.
54. The Plaintiff claims breach of contract against Bespoke Group LLC and against Divyesh Patel, based on the doctrine of the lifting of the corporate veil.

55. Divyesh Patel personally represented to Hitesh Sayta that he had an inventory of the goods.
56. Prosper Trade had to cover its onward contractual obligations, and had to purchase goods from another seller.
57. The Contract was accordingly breached and this directly and proximately caused damages to Prosper Trade in an amount not less than $31,140.
58. Prosper Trade incurred other expenses including but not limited to transportation costs, warehousing costs, insurance expenses, commission and brokerage, sales tax, in an amount the Plaintiff will prove at trial.
59. Hitesh Sayta met Divyesh Patel on February 19, 2014.
60. Hitesh Sayta and Divyesh Patel discussed attempting to settle the case when they met on February 19, 2014.
61. On February 19, 2014 Hitesh Sayta presented the claim to Divyesh Patel.
62. The Assignee claims attorney's fees in an amount to be determined at trial, for and on behalf of the Assignor, and for and on its own behalf for bringing this action. *Tex. Civ. Code* § 38.001.

## SECOND CAUSE OF ACTION
### (Breach of the implied covenant of good faith and fair dealing)

63. The Plaintiff herein alleges by reference the allegations as set out from paragraph 9 to 62.
64. The Plaintiff pleads breach of the implied covenant of good faith and fair dealing as a separate part of Plaintiff's breach of contract claim.
65. On December 11, 2013 Divyesh Patel sent an email from usa@globalagco.com to shrienterprise@gmail.com stating among other things "*rail service by BNSF is on delayed schedule with no predictabilith[sic] of railcar arrivals*"

66. The statement, quoted by Divyesh Patel at Para 65 supra, was false or made without the observance of reasonable commercial standards of fair dealing.

67. On December 19, 2013 Divyesh Patel sent an email from usa@globalagco.com to shrienterprise@gmail.com stating among other things "... *BNSF is running with as much as of 6 to 8 weeks of delay in bringing cars or even picking up loaded cars (many members of the industry are suffering from this delay)*"

68. The statement, quoted by Divyesh Patel at Para 67 supra, was false or made without the observance of reasonable commercial standards of fair dealing.

69. On December 20, 2013 Divyesh Patel sent an email from usa@globalagco.com to shrienterprise@gmail.com stating among other things "... *we do not see any change on rail service from speaking with rail authrities[sic] even today*"

70. The statement, quoted by Divyesh Patel at Para 69 supra, was false or made without the observance of reasonable commercial standards of fair dealing.

71. On January 9, 2014 Divyesh Patel sent an email from usa@globalagco.com to shrienterprise@gmail.com stating among other things "... *we have now recieved confirmation that railcar will show up on Jan 22nd which service is running still in delayed cycle per BNSF so I would like to inform you that we have made necessary booking to catch up this rail loading during the week of Jan 20th.*" and " *You must be aware of unusually cold weather here and extreme cold"*.

72. The statement, quoted by Divyesh Patel at Para 71 supra, was false or made without the observance of reasonable commercial standards of fair dealing.

73. On January 27, 2014 Divyesh Patel sent an email from usa@globalagco.com to shrienterprise@gmail.com stating among other things "*As per my email of 9th, railcar which was advised to arrive last week as per BNSF, did not arrive and we are hoping that it will show up this week from what rail people are*

*telling us now. As soon as railcars arrive, your load is first in line to be loaded and we hope to accomoplish[sic] that at earliest and we will be in touch as soon as we load Niranjanbhai's car."*

74. The statement, quoted by Divyesh Patel at Para 73 supra, was false or made without the observance of reasonable commercial standards of fair dealing.

75. The statements quoted at Para 65, 67, 69, 71, and 73 were false because the weather was not prohibitive to ship US Origin Dry Green Peas, and railcar arrival was not delayed. Prosper Trade relied on these false statements (Para 65, 67, 69, 71, and 73) to its detriment and lost money because of the rise in price of the goods, and its consequent loss on its forward obligation to Ask Re. Ltd.

76. These statements directly and proximately caused significant harm to Prosper, because the price of the goods moved up significantly, from $552 to $725 per metric ton.

77. The failure by all the Defendants to be honest about their continued non-performance in regard to the conditions that were preventing them from shipping the goods, proximately caused Prosper a loss in an amount of at least $31,000.

78. Hitesh Sayta presented the claim to Divyesh Patel, the representative of Bespoke Group, LLC on February 19, 2014.

79. The Assignee claims, attorney's fees for and on behalf of Prosper, and for and on its own behalf for bringing this action, pursuant to *Tex. Civ. Code* § 38.001.

## THIRD CAUSE OF ACTION
### (Promissory Estoppel)

80. The Plaintiff herein alleges by reference the allegations as set out from paragraph 9 to 79.

---

81. The Plaintiff pleads Promissory Estoppel in the alternative to a breach of contract cause of action.
82. The Plaintiff claims damages for promissory estoppel in an amount identical to the damages for the breach of contract cause of action, to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Common Law Civil Fraud)

83. The Plaintiff herein alleges by reference the General Allegations as set out from paragraph 9 to 82.
84. The Plaintiff pleads this cause of action against all the Defendants, namely Divyesh Patel, Hina Patel and Bespoke Group LLC.
85. Divyesh Patel, before entering into the contract made a materially false representation that the Defendants had an inventory of the Goods.
86. Divyesh Patel made this representation knowing that Prosper would not have entered into the Contract with him, if the representation was false.
87. Divyesh Patel later admitted that he did not have inventory of the goods, and also admitted that he attempted to procure the goods.
88. Divesh Patel made statements by email including the statements quoted at Para 65, Para 67, Para 69, Para 71 and Para 73 supra.
89. Before contracting, Divyesh Patel represented to Hitesh Sayta, the agent representing Prosper Trade that he had inventory of the goods, with specific knowledge that the buyers would not contract with him, if he did not have inventory.
90. On December 19, 2013, Divyesh Patel in an email to shricommodities@gmail.com stated:
    > *"....I rater feel comfortable to convey you that January would be most earliest possible shipment and therefore I wanted to keep you*

> *informed so our buyer can plan accordingly and make necessary adjustments in their shipment expectations...."* (sic)(emphasis added)

91. Divyesh Patel particularly intended that Prosper rely on his representations, which they did so, to their detriment.

92. Divyesh Patel stated in December, 2013 that he would be shipping the goods in January, 2014.

93. Divyesh Patel in December, 2013 intended that Prosper rely on the representation by him, that he would ship the goods in January, 2014.

94. The repeated false promises in regard to the fact that Divyesh Patel had the inventory of the goods, and his capability of shipping the goods, show that Divyesh Patel was making promises without any intention of shipping the goods.

95. Prosper Trade placed reliance on the statements of Divyesh Patel.

96. Prosper Trade made an onward contract to sell the goods to Ask Re. Ltd in Hong Kong.

97. Divyesh Patel knew of the onward contract to sell goods that Prosper had to Ask Re. Ltd.

98. The contract as drafted by the Defendants, conveys title to existing goods, at the time of contracting.

99. Prosper Trade took out import permits, and arranged for the funds to pay for the goods.

100. The Defendants, intentionally, willfully and fraudulently failed to ship the goods, in light of the fact that the price of the green peas had gone up to $725. Prosper lost more than $31,000 because they had to buy the peas from the market to cover their forward requirements.

101. The Plaintiff now seeks actual damages, consequential damages, exemplary damages, attorney's fees, and exemplary damages for fraud in an amount to be proven at trial.

//

## FIFTH CAUSE OF ACTION

## (Intentional interference with contractual rights)

102. The Plaintiff herein alleges by reference the allegations as set out from paragraph 9 to 101.
103. There was a contract as exhibited herein as **Exhibit A**, in existence between Bespoke Group LLC, and Prosper.
104. On October 11, 2013 Sandra Jonsson, an employee of Bespoke Group, LLC sent an email to shricommodities@gmail.com with a copy to Divyesh Patel stating among other things

    "*We also hope that this <u>tri-party arrangement</u> requested by you would not create any obstruction in smooth execution of the contract which is beyond our normal norms.*"
105. Divyesh Patel, received this email quoted at Para 104 supra.
106. Divyesh Patel knew of the contract between Prosper and Ask Re. Limited in Hong Kong in regard to the goods.
107. Divesh Patel made statements by email including the statements quoted at Para 65, Para 67, Para 69, Para 71, and Para 73.
108. Divyesh Patel received the email quoted at Para 104 supra.
109. The statements made by Divyesh Patel as quoted at Para 107 supra, were false, and material.
110. By making materially false misrepresentations (Para 109 supra), Divyesh Patel intended to prevent Prosper from performing on its contract with Ask Re Limited. These false statements (See Para 109) were intentional, and willful.
111. The continued intentional, false and material misrepresentations by Divyesh Patel, were the proximate cause of the injury to Prosper, before and after contracting with Bespoke Group, LLC.

112. Prosper suffered monetary damages in an amount of at least $31,000, given that they had to cover their requirements elsewhere at the price of $725 per metric ton.
113. The Plaintiff now seeks actual damages, consequential damages and attorney's fees from Divyesh Patel and Bespoke Group LLC for the tort of interference in an amount to be proven at trial.
114. The Plaintiff, also seeks exemplary damages in accordance with the judgment of the court in *Exxon Corp. v. Allsup*, 808 S.W.2d 648 (Tex. App. 1991).

## SIXTH CAUSE OF ACTION
## (Negligent Misrepresentation)

115. The Plaintiff herein alleges by reference the allegations as set out in paragraphs 5 to 114.
116. Divyesh Patel had a duty to use reasonable care whenever he provided information to the buyers or agents of buyers relating to goods he intended to contract for.
117. Divyesh Patel led Prosper to believe it would be receiving the Goods between November 1 and December 31, 2013.
118. Divyesh Patel breached this duty when he falsely allowed Prosper to believe it would be receiving the contracted Goods between November 1 and December 31, 2013.
119. In reliance on the information related to the possession of the contracted goods by Divyesh Patel or any entity controlled by Divyesh Patel, Divyesh Patel misrepresented an existing fact rather than a promise of future conduct.
120. Divyesh Patel supplied Prosper with information quoted at Para 65, Para 67, Para 69, Para 71, and Para 73.
121. The information supplied by Divyesh Patel at Para 120 was false.

122. Prosper was forced to purchase replacement goods from a local seller, incurring additional expenses in the amount of at least $31,140.
123. Plaintiff now seeks pecuniary damages according to *Restatement (Second) Of Torts* § 552b (1977) and *Federal Land Bank Ass'n of Tyler*.

WHEREFORE, Plaintiff prays for judgment against Defendant, as more fully set forth below;

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff pray for relief as set forth below:

1. For damages incurred as a result of Defendant's breach of the contract, according to proof;
2. For pre-judgment interest as allowed by law;
3. For costs of suit incurred herein; and,
4. Attorney's fees as per *Tex. Civ. Code* § 38.001.
5. For such other and further relief that this honorable Court may deem just and proper in the interest of justice.

Plaintiff hereby respectfully demands a trial by jury in this action.

Respectfully submitted,

Dated: July 28, 2014                                    _____

Shaunak Sayta

Attorney for Plaintiff,

HostingXtreme Ventures, LLC