IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOSTINGXTREME VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-1471-M |
| | § | |
| BESPOKE GROUP, LLC, DIVYESH PATEL, and HINA PATEL, | § | |
| | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the order dated November 3, 2015, this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court are *Plaintiffs Motion for Leave to Amend Complaint and Join Parties*, filed July 14, 2016 (doc. 154), and *Defendants' Motion for Leave to File Counterclaim and Join Parties and Memorandum of Law in Support*, filed July 15, 2016 (doc. 156). Based upon the relevant filings and applicable law, both motions are **DENIED**.

**I. BACKGROUND**

This action arises out of a contract for the sale of 180 metric tons of "dry green peas" between Bespoke Group, LLC[1] (Defendant) and Prosper Trade Company (Prosper). (doc. 36 at 4.)[2] Prosper subsequently assigned its rights under the contract to HostingXtreme Ventures, LLC (Plaintiff). (*Id*. at 2.) Plaintiff claims that Defendant breached the contract when it did not deliver the peas by the agreed date, and it also asserts claims for promissory estoppel, fraud, interference

---

[1] Defendant Divyesh Patel is the sole owner and manager of Bespoke Group, LLC, and Defendant Hina Patel is the sole member of Bespoke Group, LLC.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

with contractual obligations, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. (*See id*. at 5-6.)

The initial scheduling order set a discovery deadline of September 16, 2015, a deadline for amended pleadings of July 31, 2015, and a trial date of February 16, 2016. (doc. 33.) Plaintiff filed amended complaints on February 2, 2015 (doc. 25), and on July 28, 2015 (doc. 36). The scheduling order was then vacated, and an amended scheduling order was issued that extended the discovery deadline until October 14, 2016, and the deadline to amend pleadings and join parties to July 15, 2016.[3] (doc. 146.) On August 15, 2016, the discovery deadline was extended for a third time until January 13, 2017. (doc. 174.) The parties have filed over thirty discovery motions during the pendency of this suit. (*See, e.g.*, docs. 37, 61, 72, 75, 78, 81, 91, 93, 94, 98, 99, 101, 121, 135, 152, 171, 187, 188, 194, 201, 215, 220, 236, 249, 250, 263, 265, 272, 274, 276.) This includes ten motions for sanctions (docs. 81, 98, 99, 119, 121, 135, 187, 188, 272, 274) and eight motions to compel (docs. 37, 61, 75, 91, 187, 188, 194, 276).

On July 14, 2016, Plaintiff moved for leave to join Global Agro Commodities, LLC (Global) and Kanchanbhai Patel (Kanchanbhai), who is identified as the father of defendant Divyesh Patel and the director of Global. (doc. 154 at 4.) It contends that both of the proposed parties are "jointly and severally liable for all the causes of action" alleged in its complaint. (*Id*.) It supports its allegations by providing links to Global's website, a YouTube online video, and copies of e-mail communications with e-mail addresses that end with "@globalagco.com." (*See id.* at 4-6.) It fails to explain how it did not have access to this information at the time of filing the suit; the

---

[3] Discovery disputes became so contentious in this suit that a discovery motion protocol was established on November 4, 2015, that set requirements on scheduling depositions and filing additional discovery motions. (doc. 102.) This discovery protocol was later vacated on September 9, 2016 "because it [had] not prevented discovery disputes and [had] only provided an additional basis for disputes." (doc. 186.)

"@globalagco.com" e-mails were exchanged during performance of the contract. Defendant argues that the proposed claims against Global and Kanchanbhai are futile because the allegations are "unverifiable, false, [and] misrepresentations of fact or circumstance." (doc. 168 at 2.)

On July 15, 2016, Defendant similarly moved for leave to assert counterclaims of fraud and intentional interference with an existing contract and to join Prosper and Hitesh Sayta (Sayta), who is identified as the broker of the underlying contract between Defendant and Prosper. (docs. 156, 156-2.) It alleges that "Sayta and Plaintiff intentionally interfered with the contract, which is the subject of this suit, between [it] and Prosper." (doc. 156 at 3.) Defendant previously attempted to assert counterclaims and join Sayta as a party on September 21, 2015 (doc. 60), and on September 29, 2015 (doc. 68), but both motions were stricken for failure to comply with the local rules (docs. 62, 69). Plaintiff argues that the proposed amendments are futile because they are "entirely implausible" and are not pleaded with enough particularity. (doc. 169 at 8-14.)

With timely responses (docs. 168, 169) and replies (docs. 176, 177), both motions are ripe.

## II. RULE 15(a)

Plaintiff and Defendant argue that their respective motions for leave should be granted pursuant to Rule 15(a), but that the opposing party's motion should be denied as futile. (docs. 154 at 4-6, 156 at 3-5.)

**A.    Legal Standard**

Under Rule 15(a), pleadings may be amended once as a matter of course before a responsive pleading is served, and thereafter by leave of court. *See* Fed. R. Civ. P. 15(a). The rule also provides that such leave "shall be freely given when justice so requires," but "it is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citing *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). The decision to grant or deny

3

leave is left to the sound discretion of the trial court. *Ashe v. Corley*, 992 F.2d 540, 542 (5th Cir. 1993). "In deciding whether to grant leave to amend, the district court may consider a variety of factors in exercising its discretion, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that leave should be granted "[i]n the absence of any apparent or declared reason"); *see also McClure v. Turner*, 481 F. App'x 167, 171 (5th Cir. 2012). Leave to amend is subject to reversal only for an abuse of discretion. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004); *Addington*, 650 F.2d at 666. Where the "reasons for denying leave to amend are ample and obvious, the district court's failure to articulate specific reasons does not indicate an abuse of discretion." *Ashe*, 992 F.2d at 542-43 (citations omitted). However, "if the district court lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.'" *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citations omitted); *see also Smith*, 393 F.3d at 595.

**B.     Plaintiff's Motion**

Plaintiff seeks leave to file a third amended complaint to add Kanchanbhai and Global. (doc. 154 at 4.) It alleges that Kanchanbhai is "jointly and severally liable for all causes of action" because he is the director and "group leader" of Defendant as evidenced by the fact that he resides at the same address as all named defendants and the Global website shows him accepting an award on behalf of Defendant. (*Id*. at 4-5.) It similarly claims that Global is "jointly and severally liable by its own conduct" because it "undertook the liability to perform under the contract" as evidenced by a YouTube video that states Global is a subsidiary of Defendant and by e-mails that were

exchanged during the performance of the underlying contract that were from the domain name "@globalagco.com." (*Id.*)

Defendant argues that the proposed amendments are futile because Kanchanbhai is not its director and "group leader" and that any reference to him on the website is a "term of endearment." (doc. 168 at 3.) It similarly denies all allegations regarding Global and argues that "merely communicating by e-mail using a certain domain name" does not mean that "the company who owns the domain name is a party to any agreements or communications engaged in by those who utilize the company's e-mail domain." (*Id.* at 6.)

The Fifth Circuit has interpreted futility to mean that "the amended complaint would fail to state a claim upon which relief could be granted," so courts must apply the same standard as under Rule 12(b)(6). *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Leave to amend does not need to be granted when the amended complaint would not defeat a motion to dismiss. *See id.* The issue of futility, however, is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood v. Bank of America*, No. 3:11-CV-1283-D, 2011 WL 4941044 at *1 (N.D. Tex. Oct. 17, 2011) (citations omitted); *see also McDade v. Wells Fargo Bank, N.A.*, No. H-10-3733, 2011 WL 4860023 at *4 (S.D. Tex. Oct. 13, 2011) (explaining that in the context of a motion for leave, futility means that "the amended complaint would fail to state a claim upon which relief could be granted") (quoting *Stripling*, 234 F.3d at 873).

Though the request for leave should not be denied on futility at this stage, there still appear to be "ample and obvious" reasons for denying leave to amend here due to undue delay and prejudice. *See Ashe*, 992 F.2d at 542-43. Delay may be undue and prejudicial to opposing parties "if an added claim would require the defendant to reopen discovery and prepare a defense for a

claim different from the [one] . . . that was before the court." *Bouchard Transp. Co. v. VT Halter Marine, Inc.*, No. CV-16-11264, 2016 WL 4131376 at *2 (E.D. La. Aug. 3, 2016) (citing *Smith*, 393 F.3d at 596); *see also In re Fritz Cos. Sec. Litig.*, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. 2003) ("Indicators of prejudice include a need to reopen discovery or the addition of complaints or parties.").

Here, it is clear that Plaintiff cannot complete discovery for the additional claims and parties by the third extended deadline of January 13, 2017. (doc. 154 at 6.) Its reply contends that adding in these parties would warrant further discovery, specifically that it "would require [Plaintiff] to depose Kanchanbhai Patel and determine [his exact involvement in the underlying contract] from him directly" to support its theory that Global is jointly and severally liable. (doc. 176 at 4.) This would cause undue delay and prejudice because it would necessitate a fourth extension of the discovery deadlines and further delay all other deadlines in a case that has been pending for nearly three years. *See Smith*, 393 F.3d at 596 (holding that an amended complaint causes prejudice when it asserts a new claim requiring the defendant "to reopen discovery" or prepare a new defense); *see also Rivera Velez v. Puerto Rico Elec. Power Auth.*, 201 F.R.D. 289, 291 (D.P.R. 2001) (denying leave to amend because the defendant "would be prejudiced [because] the causes of action that plaintiff now seeks to add would require additional discovery, and postponement of trial").

Moreover, Plaintiff has not explained why the new parties could not have been included in its original complaint or, at the latest, its second amended complaint. It had access to several of the attached exhibits at the time of filing the suit, particularly the "@globalagco.com" e-mails that were exchanged during performance of the contract. (doc. 154 at 4-6.) Trial courts may deny requests for leave due to undue delay because trial court judges "have the power to control their dockets by refusing to give non-diligent litigants another chance to develop their case." *WRR Indus., Inc. v.*

*Pologis*, No. 3:04-CV-2544-L, 2006 WL 1814126 at *5 (N.D. Tex. June 30, 2006) (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 258 (5th Cir. 1997)); *see Guillory v. Dotmar Industries Inc.*, 95 F.3d 1320, 1332 (5th Cir. 1996) ("It is well established that the district court is entitled [to] manage its courtroom and docket."); *see also Freeman v. Cont'l Gin Co.*, 381 F.2d 459, 469 (5th Cir. 1967) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim."). Accordingly, Plaintiff's motion for leave is denied.[4]

## C. Defendant's Motion

Defendant seeks leave to join Sayta and Prosper as defendants and to file counterclaims of fraud and intentional interference with an existing contract. (docs. 156 at 3-4, 156-2.) It alleges that Sayta, who brokered the underlying contract, "prompted [Plaintiff] to seek the assignment of the contract between Prosper and [Defendant]" despite the fact that "Prosper had already entered into a 'washout' agreement with [Defendant] which superseded the original, now void, contract." (doc. 156-2 at 1.)

Plaintiff argues that the proposed amendments are futile because they are "entirely implausible." (doc. 169 at 8.) It contends that the intentional interference with an existing contract claim is barred by the relevant statute of limitations (*Id.* at 11) and the fraud claim is not pleaded with sufficient particularity *(Id.* at 12). It further alleges that there is no personal jurisdiction over Sayta because he is "a resident and domiciliary of Mumbai, India" with "no minimum contacts with Texas or the United States" and that Sayta and Prosper are being improperly joined as third-party

---

[4] Plaintiff's motion for leave is also subject to denial for failure to comply with the local rules. Local Rule 15.1 provides that when a party electronically files a motion for leave to file an amended pleading, the party must attach the proposed amended pleading to the motion as an exhibit. Plaintiff failed to attach a copy of its proposed amended pleading to its motion and only alluded to potential claims that it would assert in its third amended complaint. (*See* doc. 154.) Courts may deny leave to amend on procedural infirmities alone. *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 798 (N.D. Tex. 2005). Because Plaintiff did not comply with the local rule, its motion for leave to file an amended complaint and join parties may be denied on this basis as well.

defendants under Rule 14[5] of the Federal Rules of Civil Procedure. (*Id.* at 13-14.)

As previously noted, the issue of futility is better addressed "in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer." *Smallwood*, 2011 WL 4941044 at *1 (citations omitted). However, the trial court "may consider a variety of factors" in exercising its discretion to deny leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones*, 427 F.3d at 994.

Here, Defendant previously filed a motion seeking leave to join Sayta and to allege a counterclaim of intentional interference with an existing contract on September 21, 2015 (doc. 60), but it was stricken for failure to comply with the local rules by not including a proposed amended pleading as an exhibit (doc. 62). It again attempted to assert the same counterclaim and join Sayta as a party on September 29, 2015 (doc. 68), but it was also stricken for failure to seek leave before filing a counterclaim (doc. 69). It does not explain in its most recent motion for leave why it failed to re-assert its request for leave and comply with the local rules back in September 2015. (*See* doc. 156.)

Defendant's request to join two additional parties at the conclusion of a nearly two year long discovery process that it characterizes as "contentious and exhausting" (doc. 177 at 5) will undoubtedly cause undue delay and prejudice on both Plaintiff and the new parties. *See Atrium Cos., Inc. v. ESR Assocs., Inc.*, No. 11-CV-1288, 2012 WL 4215103 at *8 (S.D. Tex. Sept. 18, 2012)

---

[5] Rule 14 covers third-party practice where a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it" but it must "obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

8

(citations omitted) (denying leave to amend when defendant had invested considerable effort in finding and paying experts, attending hearings, drafting pleadings and conducting discovery over 18 months of litigation); *see also Hyde v. Hoffman-La Roche Inc.*, No. 3:04-CV-1473-B, 2008 WL 2923818 at *2 (N.D. Tex. July 30, 2008) (finding that the proposed amendment would "undoubtedly cause undue delay and prejudice" to the defendants because it was requested "over four years into the case"). Accordingly, Defendant's motion for leave is also denied.

### III. CONCLUSION

Both Plaintiff's and Defendant's motions for leave (docs. 154, 156) are **DENIED**.

**SO ORDERED this 28th day of December, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE