## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| HOSTINGXTREME VENTURES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-1471-M |
| | § | |
| BESPOKE GROUP, LLC, DIVYESH | § | |
| PATEL, and HINA PATEL, | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the order dated November 3, 2015, this case has been referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Plaintiff's Motion for Leave to Appeal Under 28 USC § 1292 and Alternatively to Enter Final Judgment to Appeal Under 28 USC § 1291*, filed January 6, 2017 (doc. 291). Based upon the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

This action arises out of a contract for the sale of 180 metric tons of "dry green peas" between Bespoke Group, LLC (Bespoke) and Prosper Trade Company (Prosper). (doc. 36 at 4.)[1] Prosper subsequently assigned its rights under the contract to HostingXtreme Ventures, LLC (Plaintiff), who brought the present suit against Bespoke, its sole owner and manager, Divyesh Patel (Divyesh), and Divyesh's wife, Hina Patel (Hina) (collectively Defendants).[2] (*See id.* at 2, 4.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff recently voluntarily dismissed Hina. (*See* docs. 342, 378.)

Case 3:14-cv-01471-M-BH    Document 379    Filed 07/28/17    Page 2 of 7    PageID 9540

Plaintiff claims that Bespoke breached the contract when it did not deliver the peas by the agreed date, and it also asserts claims for promissory estoppel, fraud, interference with contractual obligations, negligent misrepresentation, and breach of the implied covenant of good faith and fair dealing. (*See id.* at 5-6.) This extremely contentious suit, which has been pending over three years, has involved over thirty contested discovery motions. (*See, e.g.*, docs. 37, 61, 72, 75, 78, 81, 91, 93, 94, 98, 99, 101, 121, 135, 152, 171, 187, 188, 194, 201, 215, 220, 236, 249, 250, 263, 265, 272, 274, 276.) This includes twelve motions for sanctions (docs. 81, 98, 99, 119, 121, 135, 187, 188, 272, 274, 285, 336), and nine motions to compel (docs. 37, 61, 75, 91, 187, 188, 194, 276, 290). The discovery and scheduling deadlines had to be extended three times to accommodate the many disputed motions.[3] (*See* docs. 33, 146, 174.)

On July 14, 2016, Plaintiff moved for leave to file a third amended complaint to join Global Agro Commodities, LLC (Global) and Kanchanbhai Patel (Kanchanbhai), who is identified as the father of defendant Divyesh Patel and the director of Global. (doc. 154 at 4.) It contended that both of the proposed parties are "jointly and severally liable for all the causes of action" alleged in its complaint. (*Id.*) The motion was denied by order dated December 28, 2016 (Order), because there were "ample and obvious reasons for denying leave to amend here due to undue delay and prejudice." (doc. 287 at 5) (citation omitted). The Order noted that the proposed amendments would "necessitate a fourth extension of the discovery deadlines and further delay all other deadlines in a case that [had] been pending for nearly three years," and that Plaintiff had not explained why the two new parties had not been joined earlier in light of the fact that it had access to the majority of the

---

[3] Discovery disputes became so contentious in this suit that a discovery motion protocol was established on November 4, 2015, that set requirements on scheduling depositions and filing additional discovery motions. (doc. 102.) This discovery protocol was later vacated on September 9, 2016 "because it [had] not prevented discovery disputes and [had] only provided an additional basis for disputes." (doc. 186.)

exhibits used to support its motion for leave at the time it filed its original complaint. (*Id*. at 6.) It further noted that the motion for leave was subject to denial for failure to comply with the local rules because Plaintiff did not attach a copy of its proposed amended pleading as an exhibit. (*Id*. at 7 n.4.) Plaintiff did not file objections to, or a motion for reconsideration of, the Order.

On January 6, 2017, Plaintiff filed a motion for leave to file an interlocutory appeal of the denial of its earlier motion or, alternatively, for a final judgment to be entered against the two parties who were denied joinder to this suit. (doc. 291.) No response to the motion was filed, and it is ripe for recommendation.

## II. APPEAL UNDER 28 U.S.C. § 1292(b)

Plaintiff first seeks leave to file an interlocutory appeal under 28 U.S.C. § 1292(b) on grounds that the denial of its motion for leave presents "a substantial question of law based on undisputed facts." (doc. 291 at 4.)

Section 1292(b) permits a district court to certify an order for interlocutory appeal only if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This section provides for interlocutory appeals only in "exceptional cases." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). District courts have "unfettered discretion to deny certification, even when all [statutory criteria] are satisfied." *Nieman v. City of Dallas*, No. 3:14-CV-3897-M, 2016 WL 470235, at *3 (N.D. Tex. Feb. 8, 2016) (citations omitted). The Fifth Circuit has recognized that § 1292(b) review is appropriate "where the law is unsettled." *Martin v. Halliburton*, 618 F.3d 476, 488 (5th Cir. 2010). The issue for appeal, moreover, must involve a question of law and not fact. *Clark-Dietz and Assocs.–Eng'rs v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (holding that "fact-review" issues are

3

inappropriate for § 1292 review). Section 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006) (citation omitted).

Although federal appellate courts have jurisdiction over appeals of interlocutory orders which can be properly certified for appeal by the district court under § 1292(b), a magistrate judge's order does not fall into this category. *See Lee v. Plantation of Louisiana, L.L.C.*, 454 F. App'x 358, 359 (5th Cir. 2011) (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 868 (5th Cir. 2000)("A magistrate judge's order issued under 28 U.S.C. § 636(b)(1)(A) or § 636(b)(1)(B) only becomes final once the district court makes it final.") and *Singletary v. B.R.X., Inc.,* 828 F.2d 1135, 1137 (5th Cir.1987) ("[P]retrial matters referred by a trial judge to a magistrate must be appealed first to the district court.")). Plaintiff is attempting to impermissibly bypass the district court's review of the Order by going straight to the court of appeals. *See United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980) (noting that the "law is settled that appellate courts are without jurisdiction to hear appeals directly from federal magistrates"). If a party wants to object to a magistrate judge's order on a non-dispositive matter, such as an order on a motion for leave to amend, that party must serve and file written objections within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). The district judge in that case must then "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.* If an error is not timely objected to, the "party may not assign [that] error [as] a defect in the order." *Id.*; *see Lee*, 454 F. App'x at 360 (explaining that the appellants "were required to appeal [the magistrate judge's order] to the district court to preserve an issue for appeal in this court [of appeals]"); *see also Singletary*, 828 F.2d at 1137 (holding that "pretrial matters referred by a trial judge to a magistrate must be appealed first to the district court").

4

Here, Plaintiff asks for certification of the denial of its motion for leave to amend so that it can appeal to the Fifth Circuit. (doc. 291 at 4-6.) It argues that "a motion [for leave to add parties] filed within the timeline set by the [scheduling] order ought to be considered as presumptively timely" because the scheduling order is "controlling."[4] (doc. 291 at 6.)  It has not shown that the court of appeals would have jurisdiction over an appeal of a magistrate judge's order.  Even if it did, the specific question it poses appears to be "[a] question that involve[s] application of substantive law to the facts at hand," which is inappropriate for a § 1292(b) appeal. *Jones v. Supermedia Inc*., No. 3:11-CV-1467-B, 2012 WL 12884855, at *1 (N.D. Tex. May 4, 2012); *see In re Avado Brands, Inc.*, No. 3:07-CV-769-G, 2007 WL 2241660, at *3 (N.D. Tex. Aug. 3, 2007) (explaining that the "claim that a case has been wrongly decided is not enough to justify an interlocutory appeal"). Plaintiff's motion for certification of the order denying leave to amend for interlocutory appeal under 28 U.S.C. § 1292(b) should be denied.

### III. APPEAL UNDER 28 U.S.C. § 1291

Plaintiff alternatively seeks entry of a partial final judgment under Rule 54(b) "in respect of the claims against the [two parties denied joinder to this suit] so that Plaintiff may pursue an appeal under 28 U.S.C. § 1291." (doc. 291 at 6-7.)

Courts of appeals have "jurisdiction of appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. Generally, a decision is final for purposes of § 1291 only

---

[4] Plaintiff cites *Dueling v. Devon Energy Corp*., 623 F. App'x 127 (5th Cir. 2015), which held that the district court had abused its discretion in denying a request for leave to amend because the plaintiffs promptly sought leave when they discovered a misidentification of the defendant, the proposed amendments did not include any new legal theories, the defendant experienced no undue prejudice, and no Rule 16 pretrial scheduling order had been issued. *Id.* at 130-31. Unlike the denial order in *Dueling*, the Order in this suit noted how Plaintiff's proposed amendment "would cause undue delay and prejudice [to Defendant] because it would necessitate a fourth extension of the discovery deadlines and further delay all other deadlines in a case that [had] been pending for nearly three years" although Plaintiff had knowledge of the parties at the time it filed its complaint.  (*Id.* at 6) (citations omitted).

when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229 (1945); *see Fed. Sav. & Loan Ins. Corp. v. Tullos-Pierremont*, 894 F.2d 1469, 1471 (5th Cir. 1990). Federal Rule of Civil Procedure 54(b) creates an exception to this rule for certain partial final judgments where "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985). In other words, no ruling can be appealed until a certification is obtained under Rule 54(b) or until all the remaining issues in the case have been decided, which reflects the "historic federal policy against piecemeal appeals." *Crostley v. Lamar Cty., Texas*, 717 F.3d 410, 420 (5th Cir. 2013) (quoting *Curtiss-Wright Corp. v. Gen. Electric Co.*, 446 U.S. 1, 8 (1980)). However, "unserved, nonappearing defendants are not parties for purposes of Rule 54(b)." *Fed. Sav. & Loan Ins. Corp.*, 894 F.2d at 1472; *see Charles v. Atkinson*, 826 F.3d 841, 843 (5th Cir. 2016) (collecting cases on appeals attempted against unserved, nonappearing defendants).

Here, Plaintiff seeks entry of a partial final judgment on its motion for leave to amend and "in respect of the claims" against the two parties who were denied joinder to this suit. (doc. 291 at 6-7.) "Denial of leave to amend pleadings is ordinarily not final for purposes of appeal," *Wells v. South Main Bank*, 532 F.2d 1005 (5th Cir. 1976), and Plaintiff fails to identify any authority that allows a district court to enter a partial final judgment involving individuals who have not been served or even appeared in this suit. *See Ins. Co. of N. Am. v. Dealy*, 911 F.2d 1096, 1099 (5th Cir. 1990) (holding that "[b]ecause [one of the defendants] was never properly before the district court it did not have the requisite competence to render a judgment against her"). Accordingly, Plaintiff fails to show that there is no "just reason for delay" to enter a partial final judgment or that a "piecemeal appeal" is proper here. Plaintiff's motion for leave to appeal under 28 U.S.C. § 1291

should be denied.

## IV. RECOMMENDATION

Plaintiff's motion for leave to appeal (doc. 291) should be **DENIED**.

**SO RECOMMENDED this 28th day of July, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE