IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOSTINGXTREME VENTURES, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-1471-M |
| | § | |
| BESPOKE GROUP, LLC DIVYESH | § | |
| PATEL, and HINA PATEL, | § | |
|     Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## MEMORANDUM OPINION AND ORDER

Before the Court is *Plaintiff's Motion to Exclude Disallowable Costs*, filed September 19, 2018 (doc. 461). Based on the relevant filings and applicable law, the plaintiff's motion is **GRANTED**, and the defendants' taxable costs will be reduced by $7,862.02, for a total of $9,167.84.

## I. BACKGROUND

On April 22, 2014, HostingXtreme Ventures, LLC (Plaintiff) sued Bespoke Group, LLC (Bespoke), Divyesh Patel (Divyesh), and his wife, Hina Patel (Hina) (collectively Defendants), for breach of written contract, breach of the implied covenant of good faith and fair dealing, promissory estoppel, common law fraud, intentional interference with contractual rights, and negligent representation.[2] (*See* doc. 1.) On September 11, 2017, the Court granted summary judgment in favor of Defendants on all but one of Plaintiff's claims. (*See* doc. 454.) A jury rendered a verdict in Defendants' favor on Plaintiff's remaining claim on August 15, 2018. (*Id.*) On that same day, the Court entered a final judgment in Defendants' favor and taxed costs against Plaintiff. (*Id.*)

---

[1] By order dated November 3, 2015 (doc. 100), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2] Plaintiff later voluntarily dismissed Hina from all claims in this suit with prejudice. (docs. 342, 378.)

On August 29, 2018, Defendants submitted their bill of costs seeking $13,916.43 for "printed or electronically stored transcripts necessarily obtained for use in this case," and $3,113.43 for "[f]ees and disbursements for printing," for a total of $17,029.86. (doc. 458 at 1.)[3] On September 12, 2018, the Clerk taxed costs in that amount against Plaintiff. (doc. 459.)

On September 19, 2018, Plaintiff filed a motion seeking review of the Clerk's taxing of costs under Fed. R. Civ. P. 54(d)(1). (doc. 461.) It seeks to exclude $2,773.95 in "reproduction charges," $4,040.82 in charges for "transcripts of hearings related to discovery motions . . . and discovery conferences between counsel," and $1,047.25 in charges for costs related to Hina's deposition. (*Id.* at 3-5.) It argues that: (1) the reproduction charges are not allowable because they appear to be internal firm charges for copying, (2) there is no authority for the recovery of costs for transcripts of hearings on discovery motions or conferences between counsel, and (3) Hina's deposition was not necessarily obtained for use in this case. (*Id.*)

Defendants filed their response on October 10, 2018, and Plaintiff did not reply. (doc. 467.) The motion is now ripe for recommendation.

## II. ANALYSIS

Under Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute. Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). This presumption is rebuttable, however, and the district court retains the discretion

---

[3] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

not to award costs. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987).

"[S]ection 1920 strictly limits the types of costs that may be awarded to a prevailing party." *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3044594, at *1 (E.D. Tex. July 18, 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–41 (1987)). As noted by the Fifth Circuit Court of Appeals, "[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001).[4] The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285–86 (5th Cir. 1991).

**A.     Printing Costs**

Plaintiff first argues that "reproduction charges" totaling $2,773.95 are not allowable because they "appear to be . . . internal firm charge[s]" that were not "necessary or used in this case." (doc. 461 at 3.) Defendants respond that they are entitled to recover these costs because they were incurred in this litigation for printing "non-dispositive motions, dispositive motions, discovery production, and deposition exhibits . . . ." (doc. 467 at 4.)

Under § 1920(3), "[f]ees and disbursements for printing" are allowable taxable costs, provided that the prevailing party demonstrates that the printed documents were "necessarily

---

[4] Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920.

obtained for use in the case." 28 U.S.C. § 1920(3); *W&T Offshore, Inc. v. Apache Corp.*, No. H-11-2931, 2015 WL 12765421, at *2 (S.D. Tex. Oct. 28, 2015); *see Fogleman*, 920 F.2d at 286 ("reproductions necessarily obtained for use in the case are included within taxable costs, provided that the prevailing party demonstrates that necessity."). The Fifth Circuit has explained that "[the losing party] should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, but should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman*, 920 F.2d at 286. While taxable costs include charges for reproducing documents "as part of discovery and the copies of documents filed with the court," "[e]xtra copies for the convenience of counsel are not considered necessary for these purposes and [are] therefore not taxed as costs." *Iniekpo v. Avstar Int'l Corp.*, No. SA-07-CA-879-XR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010).

Here, Plaintiff seeks to exclude "reproduction charges" that are shown in Defendants' counsel's "Summary of Expenses for Color [and Non-Color] Reproduction Charges, Prepared on August 27, 2018 . . . ." (docs. 461 at 3; 458-1 at 3-4, 25.) The summary identifies "reproduction charges" in the amounts of $2,185.95 for non-color reproduction charges, and $588.00 for color reproduction charges, for a total of $2,773.95, but does not contain any other information. (doc. 458-1 at 25.) Defendants do not present any argument or evidence showing that the printing charges for "non-dispositive motions, dispositive motions, discovery production, and deposition exhibits" were necessarily incurred for use in this case, however, and they have not shown that the printing

4

charges were incurred for any purpose other than for their convenience.[5]  Rather, they "simply provid[e] the . . . statement of charges," which does "not necessarily demonstrate the necessity of such prints . . . ." *Castone Corp. v. Advanced Cast Stone, Inc.*, No. 1:10CV287-HSO-JMR, 2012 WL 13018538, at *7 (S.D. Miss. Aug. 8, 2012).  Additionally, the Fifth Circuit has held that "costs incurred 'merely for discovery' do not meet [the] standard" of being "'necessarily obtained for use in the case.'" *Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 316 (5th Cir. 2011).

Because Defendants have not shown that the printing charges were necessarily obtained for use in this case, rather than for their convenience, Plaintiff's request to exclude the $2,773.95 for "reproduction charges" is granted, and the amount of taxable costs will be reduced by this amount. *See Castone Corp.*, 2012 WL 13018538, at *7 (finding that a request for printing costs should not be awarded where the prevailing party failed to meet its burden to show the necessity of obtaining the prints at issue); *see also Melchior v. Hilite Int'l, Inc.*, No. 3:11-CV-3094-M (BH), 2016 WL 1165911, at *4 (N.D. Tex. Feb. 26, 2016) (finding that objections to costs for printing should be sustained where the prints were not necessarily obtained for use in the case), *adopted by* 2016 WL 1161992 (N.D. Tex. Mar. 23, 2016).

**B.    Transcript Costs**

Plaintiff next argues that $4,040.82 for certain transcript costs is not recoverable because there is no authority allowing recovery of costs "for transcripts of discovery hearings and meetings between counsel in conferring over discovery issues . . . ." (doc. 461 at 4.)  Defendants respond that such costs are recoverable because they were necessarily obtained for use in this case in order to

---

[5] Notably, it is unnecessary in most cases to print such documents for filing with the court because the local rules require parties to file them electronically.  *See* L.R. 5.1(e).  Defendants have not shown that the printed documents were incurred to satisfy the presiding judge's specific requirements for copies.

5

defend against Plaintiff's untrue allegations regarding Defendants' conduct at hearings and conferences. (doc. 467 at 2.)

"Fees for printed or electronically record transcripts necessarily obtained for use in the case" may be taxed as costs under 28 U.S.C. § 1920(2). *See Gonzales v. Pan Am. Labs., L.L.C.*, No. 3:14-CV-2787-L, 2018 WL 2321896, at *2 (N.D. Tex. May 4, 2018) (quoting 28 U.S.C. § 1920(2)). "Because the statute refers only to 'transcripts necessarily obtained for use in the case,' transcripts of motion hearings and on-the-record-conferences with the court are recoverable when the court finds that 'they were not obtained primarily for the convenience of the parties but were necessarily obtained for use in th[e] case.'" *Crevier-Gerukos v. Eisai, Inc.*, No. H-11-0434, 2014 WL 108730, at *1 (S.D. Tex. Jan. 9, 2014) (quoting *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)). "'A finding of necessity is a factual finding'" to be made by the court. *Id.*; *see Fogleman*, 920 F.2d at 285–86.

Here, Defendants do not specify how the transcripts from hearings and conferences were necessarily obtained for use in this case other than stating that they were obtained to defend against Plaintiff's untrue allegations. (doc. 467 at 2.) They do not provide any other explanation as to why they were necessary for use in this case, or any information regarding how they were used to defend against any untrue allegations. *See Gonzales*, 2018 WL 2321896, at *2. The supporting invoices "offer no description of the transcribed meetings," and there is no other evidence showing that the transcripts from the hearings and conferences "were necessarily obtained for use in the case as opposed to being obtained primarily for the convenience of counsel." *Id.*; *Structural Metals, Inc. v. S & C Elec. Co.*, No. SA:09-CV-984-XR, 2013 WL 3790450, at *2 (W.D. Tex. July 19, 2013). "Additionally, the Court is under no obligation to search the record to verify the transcripts 'were

6

used or the extent to which they were used' in the case." *Standley v. Rogers*, No. SA-14-CA-00977-XR, 2016 WL 5859677, at *2 (W.D. Tex. Oct. 6, 2016) (quoting *Structural Metals, Inc.*, 2013 WL 3790450, at *2 n.1). Without any information regarding the necessity of the transcripts other than Defendants' conclusory arguments, such fees are not allowable as costs. *Gonzales*, 2018 WL 2321896, at *2. Accordingly, Defendants have failed to show that the $4,040.82 in costs for various transcripts of hearings and conferences were necessarily obtained for use in this case, and Plaintiff's request to exclude those costs will be granted. *See Gonzales*, 2018 WL 2321896, at *2 (disallowing fees for transcripts of recorded meetings where there was no information showing that they were necessarily obtained for use in the case); *Standley*, 2016 WL 5859677, at *2 (declining to award costs for a hearing transcript where the defendant failed to show that it was necessary for use in the case). The amount of taxable costs will also be reduced by this amount.

**C.**     **Deposition Costs**

Plaintiff finally seeks to exclude all costs related to the certified copy of the transcript of Hina's deposition. (doc. 461 at 4.) Defendants respond that these costs are recoverable because the deposition transcript "was necessarily obtained for use in this case . . . ." (doc. 467 at 3.)

"A prevailing party may recover the costs of taking, transcribing, and reproducing depositions that are 'necessarily obtained for use in the case.'" *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-CV-00878-RWS-JDL, 2016 WL 9136171, at *5 (E.D. Tex. Oct. 24, 2016) (quoting 28 U.S.C. § 1920(2)), *adopted by* 2017 WL 3615436 (E.D. Tex. Jan. 4, 2017); *see Fogleman*, 920 F.2d at 285. "A deposition or deposition copy 'need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case' under § 1920; rather, the cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable." *United States*

*ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citing *Fogleman*, 920 F.2d at 285–86). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion," and district courts are provided "great latitude in this determination." *Id.*

"It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party." *Favata v. Nat'l Oilwell Varco, LP*, No. 2:12-CV-82, 2014 WL 5822781, at *3 (S.D. Tex. Nov. 10, 2014); *see also E.A.F.F. v. United States*, No. SA-08-CA-124-XR, 2014 WL 2155263, at *2 (W.D. Tex. May, 22, 2014) (awarding costs for one copy of deposition transcripts). "However, charges for multiple or certified copies of depositions are not taxable as costs absent some showing of why the extra copies were needed in addition to the originals." *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3-10-CV-0481-M-BD, 2010 WL 5093945, at *7 (N.D. Tex. Nov. 10, 2010) (citing cases), *adopted by* 2010 WL 5093944 (N.D. Tex. Dec. 13, 2010). Additionally, incidental costs associated with taking the depositions, such as the costs for disks, delivery charges, and indexing, are generally not recoverable. *See Motion Games, LLC*, 2016 WL 9136171, at *5 (citing *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007)) (stating that incidental expenses are not recoverable costs); *Neely v. PSEG Texas, LP*, No. MO-10-CV-030, 2012 WL 12877922, at *3 (W.D. Tex. Oct. 25, 2012) (finding that "services incidental to the depositions that are for the convenience of counsel, such as summaries, manuscripts, keyword indices, litigation . . . disks, videos, exhibits, postage, and delivery" were not recoverable costs).

Here, Defendants seek $1,047.25 for costs associated with the certified copy of Hina's deposition. (docs. 458-1 at 2, 18; 467 at 3.) Although they contend that Hina's deposition was

8

necessarily obtained for use in this case, they fail to present any argument or evidence showing why a certified copy, which included a word index, was needed in addition to the original deposition transcript. *See Fast Memory Erase, LLC*, 2010 WL 5093945, at *7; *see Motion Games, LLC*, 2016 WL 9136171, at *5 (citing *Maurice Mitchell Innovations, L.P.*, 491 F. Supp. 2d at 687) (recognizing that incidental costs such as indexing are generally not recoverable). The only evidence presented in support is the invoice showing the charge for the certified copy and word index of the deposition. (doc. 458-1 at 18.) The invoice does not reflect whether it included the cost of the original deposition transcript and a copy. Because Defendants provide "no reason . . . for why the certified cop[y] was necessary," it appears that it was only obtained for the convenience of counsel. *See Fast Memory Erase, LLC*, 2010 WL 5093945, at *7. Accordingly, Plaintiff's request to exclude the $1,047.25 in costs associated with the certified copy of Hina's deposition is granted, and the amount of taxable costs will be further reduced by this amount. *See id*. (sustaining objections to costs for certified copies of depositions where the prevailing parties "failed to demonstrate why they needed certified copies in addition to originals of the deposition transcripts.").

### III. CONCLUSION

Plaintiff's motion to exclude is **GRANTED**, and the amount of taxable costs will be reduced by $7,862.02, for a total of $9,167.84.

**SO ORDERED** on this 20th day of June, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE